No. 22-12729-CC

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

Nancy B. Miller, *Plaintiff-Appellant,*

v.

Georgia Public Defender Standards Council, Chattahoochee Circuit Public Defender's Office, Omotayo B. Alli, and Moffett Flournoy *Defendants-Appellees.*

Appeal from the United States District Court for the Middle District of Georgia No. 4:21-CV-129-CDL

---

## APPELLANT'S OPENING BRIEF

---

Nancy B. Miller
*Pro Se*
6630 Thea Lane,
Apartment F-8
Columbus, Georgia 31907
706-566-2904

**No. 22-12729-CC -- Nancy B. Miller v. Georgia Public Defender Standards Council**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

- Alli, Omotayo B., Director of the Georgia Public Defendant Standards Council

- Carr, Chris M., Attorney General

- Chattahoochee Circuit Public Defender's Office

- Craft, Steve, Chief Assistant Public Defender for the Chattahoochee Judicial Circuit

- Flournoy, Moffett, Circuit Public Defender for the Chattahoochee Judicial Circuit

- Georgia Public Defender Standards Council

- Land, Clay D., United States District Court Judge for the Middle District of Georgia

- Miller, Nancy B.

- Poole, Courtney C., Assistant Attorney General

- Shelnutt, J. Mark

- Stoff, Katherine P., Senior Assistant Attorney General

- Webb, Bryan K., Deputy Attorney General

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested. The positions of the parties will be fully set out in the briefs, and the determination of this case will not be aided by oral argument.

# TABLE OF CONTENTS

**Page**

Certificate of Interested Persons and Corporate

Disclosure Statement............................................................... C-1

Statement Regarding Oral Argument ...................................... i

Table of Contents..................................................................... ii

Table of Citations.................................................................... iii

Jurisdictional Statement......................................................... v

Statement of the Issues........................................................... 1

Statement of the Case.............................................................. 2

Summary of the Argument....................................................... 7

Argument.................................................................................. 9

Conclusion................................................................................19

Certificate of Compliance ......................................................20

Certificate of Service ..............................................................21

# <u>TABLE OF CITATIONS</u>

## Cases

*Anthony v. American General Financial Svc.,*
   697 S.E.2d 166 (Ga. 2010)....................................17

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 570 (2007)....................................18

*Brown v. City of Fort Lauderdale,*
   923 F.2d 1474, 1478 (11th Cir. 1991)....................11

*Bryant v. Jones,*
   575 F.3d 1281, 1294 (11th Cir 2009)..............6, 10, 11

*Doe v. Red Roof Inns, Inc.,*
   21 F.4th 714, 723 (11th Cir. 2021).........................6

*Gonzalez v. Reno,*
   325 F.3d 1228 (11th Cir. 2003)...............................9

*Little v. United Techs Carrier, Transicold Div,*
   103 F.3d 956, 959-60 (11th Cir 1997).................13,14

*Overstreet v. Georgia,*
   2022 U.S. App. LEXIS 24827, *12 (11th Cir. Sept. 2, 2022)...17

*Passmore Swann v. S. Heath Partners, Inc.,*
   388 F.834, 836 (11th Cir. 2004).............................13

*Ross v. Buckeye Cellulose Corp,*
   980 F.2d 648, 660 (11th Cir. 1993).........................6

*Robert Smith v. Columbus Consolidated Government et. al.,*
    4:16-CV-270-CDL...................................................................19

*Smith v. McClammy,*
    740 F.2d 925, 926, (11th Cir. 1984)................................16

*Tolar v. Bradley Arant Boult Cummings, LLP,*
    997, F.3d 1280, 1299 (11th Cir. 2021)......................6

**Statutes**

28 U.S.C. § 1291 ...........................................................................v.

28 U.S.C. §1331..............................................................................v.

28 U.S.C. §1343 .............................................................................v.

42 U.S.C. §1981.............................................................v.,7, 8, 9, 11, 12, 16

42 U.S.C. §1983 ...................................................................v.,8, 9, 16, 17

42 U.S.C. § 2000(3) (Title VII) ...............................v.,8, 9,11,13, 16

O.C.G.A. § 9-3-96...........................................................................17

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4) over Plaintiff's claims for violations of federal law -- 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 2000(3) (Title VII) -- and for violations of the U.S. Constitution. This Court has jurisdiction over this appeal because it is an appeal of a final order or judgment disposing of all parties' claims. 28 U.S.C. § 1291. Specifically, it is an appeal from the district court's July 11, 2022 final order dismissing Plaintiff Nancy Miller's employment discrimination and retaliation suit. (Doc. 29). A Notice of Appeal was timely filed on August 9, 2022. Fed. R. App. P. 4(a)(1)(A); (Doc. 32).

## STATEMENT OF THE ISSUES

1.  Whether the district court erred in holding that Defendant Flournoy was entitled to qualified immunity where his conduct violated what this Court has recognized as clearly established law.

2.  Whether the district court erred when it dismissed Miller's claim for retaliation where, when the proper standard is applied, Miller's 1981 claims state a plausible claim upon which relief can be granted.

3.  Whether the district court committed clear error of law when it failed to apply equitable tolling to Miller's claims where information regarding the denial of a raise was concealed from her.

## STATEMENT OF THE CASE

### A.    Course of the Proceedings Below

On July 27, 2021, Nancy Miller ("Plaintiff" or "Miller"), an

attorney with the Office of the Public Defender for the Chattahoochee

Judicial Circuit , filed a Complaint stemming from her employment

there against the Georgia Public Defender Standards Council, the

Chattahoochee Circuit Public Defender's Office, Omotayo B. Alli in her

official capacity as Director of the Georgia Public Defendant Standards

Council and Moffett Flournoy in his official Capacity as Circuit Public

Defender for the Chattahoochee Judicial Circuit (collectively

"Defendants"). (Doc. 1)

Defendants filed a Motion to Dismiss, and later obtained an order

staying discovery pending a ruling by the court. (Doc. 8; Doc. 13; Doc.

14). Miller moved to amend her Complaint and was permitted to do so

twice. (Doc. 9; Doc. 10; Doc. 15; Doc. 16; Doc. 17). Defendants filed

another Motion to Dismiss and opposed Miller's request to amend her

Complaint a third time. (Doc. 23; Doc. 27; Doc. 28) On July 11, 2022, the

district court entered an Order denying Miller's request to amend her

Complaint and dismissing Miller's Complaint.  (Doc. 29).

B.   **STATEMENT OF FACTS**

Miller, an African American female, is an attorney IV who has worked at the Public Defender's Office for at least 16 years. (Doc. 17, ¶ 17). Prior to the events described below, Miller had never received any type of negative evaluation of her work. Around the time of the events that form the basis of Miller's Complaint, the Public Defender's Office received funds to hire additional attorneys to cover Recorders Court. (Doc. 17, ¶ 18). In April of 2017, after seeing that all of the new hires were white individuals, Miller approached Steve Craft ("Craft") who is the Chief Assistant and has responsibilities related to hiring. (Doc. 17, ¶¶ 18-19). Miller inquired if the office was receiving any applications from persons of color. (Doc. 17, ¶ 19). Among other comments, Craft noted that the office did not want to lower standards. (Doc. 17, ¶ 20). Miller immediately replied that the office did not have to lower standards to hire people of color. (*Id.*). Craft did not amend or explain his comment further. (*Id.*). A couple of days later, Miller reported Craft's comment to Defendant Moffett Flournoy ("Flournoy") who is the Chief Public Defender for the Circuit. (Doc. 17, ¶ 21). Flournoy said he wanted to hire attorneys like Miller who could do the

things she did in court for her clients. (*Id.*). He said he did not consider race. (*Id.*). Miller left and proceeded to finish preparing for an upcoming murder trial and finish a pending appeal. (Doc. 17, ¶¶ 22-23). Miller finished the appeal, but during the electronic filing process inadvertently forgot to sign her name. (*Id.*). She soon thereafter began the murder trial. (*Id.*). During the murder trial, a court clerk approached Miller and advised that the Georgia Court of Appeals was going to dismiss the appeal over the filing issue. (*Id.*). Since she was still in trial and could not leave, Miller called Craft and asked if someone could assist her with the appeal matter. (*Id.*).

Once the trial was completed and Miller began reviewing her emails, she discovered a written reprimand from Flournoy over the appeal which included other issues that had never been previously mentioned as potential problems. (Doc. 17, ¶¶ 23-24). Flournoy advised that he and Craft would meet with Miller the following Monday. (Doc. 17, ¶ 23). Over the weekend Miller, prepared a response to the reprimand. (*Id.*). During the meeting, Miller presented her response and Flournoy promptly said he was not concerned about any of the other issues in his reprimand- just the appeal. (Doc. 17, ¶ 24). He

4

refused to withdraw the reprimand and advised that he believed he could have terminated Miller. (Doc. 17, ¶¶ 24-25).

Subsequently, Flournoy and Craft began scheduling meetings with Miller although she had never had such meetings with them during her entire time working in the office. (Doc. 17, ¶ 26). Through counsel, Miller contacted the Public Defender Standards Council by certified mail multiple times to advised them of what was occurring and seeking assistance. (Doc. 17, ¶ 27). Immediately, the meetings ceased. (*Id.*). Nonetheless, shortly thereafter, Miller was assigned to a second court effectively increasing her workload. (Doc. 17, ¶ 29). Similarly situated white employees were not treated the same. (*Id.*). Additionally, Miller learned in 2019 that she had been denied a raise in 2017 although when she had earlier inquired with Craft about raises, through an email in 2019, he denied that raises had been given for 2017. (Doc. 17, ¶ 28; Doc. 25 at 3).

Plaintiff filed a complaint with the EEOC within one hundred and eighty (180) days of discovering that, despite Craft's statements to her to the contrary, she had been denied a raise in 2017, which she believed

5

was in retaliation for reporting Craft's comment. (Doc. 17, ¶ 34; Doc. 25 at 3).

### C.  **STANDARD OF REVIEW**

This Court reviews a district court's order granting a motion to dismiss de novo. *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021).

This Court reviews a district court's finding of qualified immunity de novo. *Bryant v. Jones*, 575 F.3d 1281, 1294 (11th Cir. 2009).

This Court reviews a district court's dismissal of a retaliation claim de novo on the grounds that the claims do not state plausible claims upon which relief may be granted. *Tolar v. Bradley Arant Boult Cummings, LLP*, 997 F.3d 1280, 1299 (11th Cir. 2021) ("We review the district court's Rule 12(b)(6) dismissal of the claims . . . de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to Plaintiffs.")

This Court reviews a district court's ruling against equitable tolling of a statute of limitations for clear error. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 660 (11th Cir. 1993).

## SUMMARY OF THE ARGUMENT

The district court committed multiple errors in dismissing Miller's Complaint. The district court's determination that Defendant Flournoy is entitled to qualified immunity was error because Flournoy violated clearly established law when he reprimanded Miller and took other retaliatory actions against Miller after she reported her supervisor Craft's discriminatory comment. The district court failed to resolve all issues of material fact in favor of Miller as required and, as a result, erred in its underlying determination that Miller was not engaging in protected activity when she reported supervisor Craft's discriminatory comment regarding hiring of minorities, and that Flournoy would not understand his retaliatory conduct was unlawful. The district court also erred in finding that Miller's Section 1981 claim does not state plausible claim upon which relief can be granted because Miller did not have basis to believe that Craft's comment regarding hiring minorities reflected discriminatory conduct in actual hiring although Craft was involved in hiring. Again, this error resulted from the district court's failure to accept the allegations in the Complaint as true and construe them in the light most favorable to Miller. Finally, the district court

7

erred in failing to apply equitable tolling to all of Miller's claims including Section 1983 and Title VII claims by concluding, without the benefit of discovery, that Miller failed to establish due diligence or fraud -- particularly in reference to a denial of a raise after she reported the discriminatory comment of supervisor Craft. The district court's supposition that Miller could have discovered the denial of a raise, which Craft actively concealed when questioned by Miller, by viewing her paycheck or searching through public records to determine whether other employee received a raise is simply wrong and certainly fails to accept the allegations in the Complaint as true and construe them in the light most favorable to Miller.

## ARGUMENT AND CITATION OF AUTHORITIES

The district court erred in dismissing Miller's Complaint for three reasons: Flournoy is not entitled to qualified immunity; Miller's Section 1981 claims state a plausible claim upon which relief can be granted; and equitable tolling should apply to Miller's Title VII, Section 1983 and retaliation claim involving the denial of a raise in light of Craft's concealment.

1.  **Flournoy is not entitled to qualified immunity.**

Qualified immunity protects government workers from unnecessary and protracted litigation.  In order for a defendant to be entitled to qualified immunity, they must be performing discretionary duties and their conduct must violate a clearly established statutory or constitutional rights of which a reasonable person would have been aware.  To sustain a claim of qualified immunity, a government official must first show that he was acting within his discretionary authority.  Once this burden of proof is met, the burden then shifts to the plaintiff to show that the official is not entitled to qualified immunity. *Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003).  Here, it is undisputed that Flournoy was acting within his discretionary authority.  When the

9

burden shifted to Plaintiff, she met that burden and showed that Flournoy is not entitled to qualified immunity because his conduct violated clearly established law.

A. **Flournoy's conduct violated clearly established law of which a reasonable person should have known.**

The district court erred in finding that Flournoy is protected by qualified immunity on the basis that, under the facts, Flournoy's conduct did not violate established law. (Doc. 29 at 15). The district court provides a scant basis for this conclusion which is presented without any significant reasoning. Moreover, this conclusion ignores the facts presented as well as the law. This court "review[s] *de novo* a district court's ruling granting or denying qualified immunity, resolving all issues of material fact in favor of the non-moving party." *Bryant v. Jones*, 575 F.3d 1281, 1294 (11th Cir. 2009).

Here, the facts indicate that after Miller reported Craft's discriminatory comment regarding hiring minorities to Flournoy, (Doc. 17, ¶¶ 20-21), that Flournoy, (1) without ever speaking with Miller regarding the issue of the unsigned appeal and without any process to evaluate the matter, simply issued a reprimand, (Doc. 17, ¶¶ 22-24); (2)

10

required Miller to appear for extra meetings – at least until Miller's attorney alerted the Public Defender Standards Council (Doc. 17, ¶¶ 26-27); and (3) changed Miller's assignments to make her schedule more rigorous while similarly situated white employees were not treated the same. (Doc. 17, ¶ 29).

The law is also clear. In *Bryant v. Jones*, 575 F.3d 1281, 1300 (11th Cir. 2009), this Court made clear that "[i]n this Circuit, it is 'beyond doubt' that the 'right to be free from intentional racial discrimination' is clearly established. *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1478 (11th Cir. 1991). The *Bryant* court highlighted that is has "often noted the patently obvious illegality of racial discrimination in public employment." *Bryant*, 575 F.3d at 1300 (quotation omitted). In *Bryant*, as here, the Eleventh Circuit was considering whether qualified immunity applied in a Section 1981 retaliation claim. The *Bryant* court noted that "the question is not whether a reasonable officer would know that a discriminatory retaliation claim was available under Title VII or § 1981; rather, the salient question is whether the state of the law at the time provided officials fair warning that their discriminatory retaliatory conduct was

11

unlawful." *Id.* at 1309. This Court found that ". . . it is well-established in this circuit that claims for retaliation are cognizable pursuant to § 1981, . . . [and] [c]onsequently, [the defendant] may not find shelter under the doctrine of qualified immunity. *Id.* at 1309-10. Likewise, Flournoy is not shielded from liability by qualified immunity with respect to Plaintiff's Section 1981 retaliation claims, and the district court's finding to the contrary was erroneous.

Although courts may appreciate terminating suit at the earliest time to avoid unnecessary and protracted litigation, this interest should not overshadow an employee's right to challenge unlawful discrimination. Employers should not be allowed to hide behind qualified immunity in order to avoid the consequences of unlawful and intolerable conduct.

2. **Miller's Section 1981 claims state a plausible claim upon which relief can be granted.**

   A. **The district court erred and prematurely ruled when it found that Miller did not have a basis to believe she was reporting illegal activity when she reported Craft's comment about hiring minorities.**

   A plaintiff need not prove the underlying discriminatory conduct that she opposed was actually unlawful in order to establish a prima

facie case of retaliation. However, in light of the record, the plaintiff must show that her belief was objectively reasonable in addition to being subjectively reasonable. *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959-60 (11th Cir. 1997). Further, this Court "review[s] de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim, <u>accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.</u>" *Passmore Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 836 (11th Cir. 2004) (emphasis added).

In the case of *Little v. United Technologies, Carrier Transicold Division*, 103 F.3d 956 (11th Cir. 1997), the plaintiff, a white male, brought an action under Title VII due to retaliatory conduct he experienced after opposing a derogatory comment by another employee about minority workers. After discovery, the defendant moved for summary judgment. The court granted summary judgment noting that the plaintiff had not suffered any adverse activity connected to the situation, and the comment was isolated. Further, the plaintiff did not report the comment for at least eight months.

In the case at bar, the district court has prematurely dismissed

13

Miller's suit without allowing the benefit of discovery which was afforded the plaintiff in *Little*. This case is distinguishable for many reasons including: Craft who made the discriminatory comment is a supervisor who has hiring responsibilities, and Miller reported the comment within two days to Flournoy. Moreover, when Miller challenged the comment by telling Craft that he did not need to lower standard to hire minorities, Craft, a supervisor, knowing how Miller perceived his comment, did not alter or explain the comment to indicate he meant anything different. (Doc. 17, ¶ 20). Miller had a strong reason to subjectively and objectively believe she was reporting discriminatory conduct since a hiring manager made the comment. Finally, Miller suffered adverse action when Flournoy reprimanded the appellant shortly thereafter without giving her a chance to explain the circumstances surrounding the issue with the unsigned appeal before issuing the reprimand. Flournoy had no information from Miller to guide his decision. The only person Miller contacted was Craft – her immediate supervisor. (Doc. 17, ¶¶ 22, 23).

The district court, without the benefit of discovery for context,

declared Miller was "careless" with the unsigned appeal. (July 11, 2022 Order (Doc 29) at 4). Such a conclusion or inference by the district court, which could be used to support Flournoy, tilts the narrative in favor of the Defendant without the benefit of context and presents a greater burden for Miller to overcome.

The district court also concludes without any basis that Miller's hiring experience is inconsistent with her interpretation of Craft's comment. (Doc. 29 at 13). It is impossible for the district court to conclude this without more information. Discovery would have shown that Miller was hired by the previous office leadership, and that Craft had no involvement in that process. This conclusion, by the district court, which is factually incorrect is inconsistent with construing the facts favorably to the plaintiff when the court is considering a motion to dismiss. If anything, it is probable that appellant may not be hired had Craft been in his current position when Miller applied for employment. This inaccurate conclusion by the district court should not be used to support the dismissal of Miller's Complaint.

Further, the district court undertakes to supply an alternative

15

explanation for Craft's comment regarding hiring minorities. (Doc. 29 at 13). If a court engages in speculation about an alternative explanation that might undermine an allegation in a complaint, the court creates a potentially insurmountable hurdle for plaintiffs attempting to assert claims.

The Section 1981 allegations in Miller's Complaint state plausible claim upon which relief can be granted – particularly when the proper standard of construing the facts favorably to the plaintiff is applied. The district court erred in filling in the gaps with assumptions and unsupported conclusions that favor dismissal and erred in dismissing the Section 1981 claims in Miller's Complaint.

3. **Equitable tolling should apply to Miller's Title VII, Section 1983 and retaliation claim involving the denial of a raise because Miller can establish fraud and used due diligence to uncover the truth.**

In order to purse a Title VII action, and Section 1983, a Plaintiff must file her claim with the EEOC within 180 days of the act for the Title VII action and pursue an action with two years for a Section 1983 action. If either deadline is not met, the statute of limitations may be equitable tolled. *Smith v. McClammy*, 740 F.2d 925, 926 (11th Cir.

1984) ("the 180-day filing requirement is not jurisdictional and is subject to equitable tolling"); *Overstreet v. Georgia*, 2022 U.S. App. LEXIS 24827, *12 (11th Cir. Sept. 2, 2022) (considering whether equitable tolling requirements met where Section 1983 action otherwise barred by statute of limitations).

> ### A. The District Court erred when it prematurely ruled (a) that the appellant did not establish fraud on the part of Craft relating to the denial of a raise in 2017 and (b) appellant did not diligently pursue this matter.

If a defendant is deterred or debarred from bringing an action, the limitations period shall run only from the time of the plaintiff's discovery of the fraud. O.C.G.A. § 9-3-96. In order to toll a statute of limitations, fraud must be undiscoverable by the exercise of ordinary care. *Anthony v. American General Financial Svc.*, 697 S.E. 2d 166 (Ga. 2010).

In the case at bar, Miller, in her Complaint, alleges that Craft, her immediate supervisor, led her to believe raises were not given in 2017. The district court has prematurely dismissed this Complaint without allowing any discovery. The district court says Miller could simply look

17

at her paycheck and see that she did not receive a raise.  However, this would not have alerted the Miller to fact that she was excluded from a raise while other employees received one.  At best, checking the paycheck could lead to the conclusion that raises were not given at all which would not have prompted this action.

Due to Craft's fraud and deceit by leading Miller to believe raises were not given in 2017, Miller had to act as a detective and scour the public records to investigate other colleagues' financial information in order to reach the truth.  It is not reasonable to conclude that Miller failed to diligently pursue this issue without discovery to provide the context and details of the need for Miller to search public records to obtain this information that should have been readily available as it relates to the denial of a raise. (Doc. 17, ¶ 28).

The district court quotes *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which not only requires factual allegations above speculation, but also points out that a well-pleaded complaint should not be dismissed simply because the court may question the probability that the allegations will be established.  *Twombly*, 550 U.S. at 556.  The district court recognized just this when it cited *Twombly* in denying the

18

motion to dismiss in *Robert Smith v. Columbus Consolidated Government, et al.*, 4:16-CV-270-CDL, United States District Court Middle District of Georgia, Columbus Division.

Miller is not required, at this stage, to prove fraud and deceit by Craft. She has alleged it in her Complaint. Discovery would provide the details of the allegations. The motion to dismiss should have been denied, and the parties should have proceeded with discovery.

## CONCLUSION

Miller respectfully requests that this Court reverse the district court's order granting the motion to dismiss.

Dated September 16, 2022.

Respectfully submitted,

By: _____

Nancy B. Miller

## CERTIFICATE OF COMPLIANCE

This brief or other document complies with the typeface and type style requirements and the type-volume limits of Fed. R. App. P. 32(a) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments), this brief or other document contains 3,537 words.

Nancy B. Miller

## CERTIFICATE OF SERVICE

This brief is being electronically filed.  Counsel of record will be served by ECF.

Nancy B. Miller